**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1146-23

THE LAW OFFICE OF
RAJEH A. SAADEH, LLC,

     Plaintiff-Appellant,

v.

ROBERT NOH,

     Defendant-Respondent.

_____

Submitted December 17, 2024 – Decided May 1, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-001117-23.

The Law Office of Rajeh A. Saadeh, LLC, appellant pro se (Rajeh A. Saadeh and Stilianos M. Cambilis, on the brief).

Respondent has not filed a brief.

PER CURIAM

I.

In this collection action, plaintiff the Law Office of Rajeh A. Saadeh, LLC appeals from the provision of the October 30, 2023 Special Civil Part default judgment against defendant Robert Noh granting it $2,454.30 in attorney's fees and disbursements, an amount substantially less than the requested award of $10,742.30. Having reviewed the record and applicable law, we affirm.

II.

Viewed in the light most favorable to the non-moving party, the pertinent facts are as follows. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The material facts are undisputed. On April 15, 2019, defendant retained plaintiff to represent him in a post-judgment matrimonial matter. The retainer agreement provided in relevant part:

> Should it be necessary to utilize the legal process to collect any amount outstanding, [Rajeh A. Saadeh] will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of the Law Office of Rajeh A. Saadeh, L.L.C., and reasonable expenses, including but not limited to court, service, and execution costs.

As of May 2022, defendant had not paid the invoice in the amount of $396.90. Thereafter, in February 2023, plaintiff sent a fee arbitration pre-action notice to defendant. R. 1:20A-6. Defendant did not pursue fee arbitration. In

April 2023, plaintiff filed a complaint in the Special Civil Part against defendant for the outstanding fees, costs of collection, and attorney's fees associated with collecting its fee. Default was entered against defendant. In August 2023, defendant attempted to file an answer through a motion to vacate default, arguing that he did not receive goods or services. The motion was denied, and default was entered against defendant.

Plaintiff then moved for summary judgment, seeking $396.90 in unpaid legal fees and $10,254.40 in attorney's fees. In support of its motion, plaintiff's counsel submitted a certification, which stated the $7,328 amount requested represented 22.9 hours of work at $320 per hour, $366.40 in expenses and disbursements, and $2,560 in anticipated fees calculated to be eight hours of work at $320 per hour in pursuing collection. Defendant did not oppose plaintiff's motion.

In the October 30, 2023 written statement of reasons, the court granted plaintiff's motion for summary judgment, finding there was no genuine issue of material fact defendant breached the retainer agreement and owed $396.90 for unpaid legal services. Relying on Rendine v. Pantzer[1], the court found $320 per hour billing was "reasonable and similar to rates charged in the locality" and

---

[1] 141 N.J. 292, 335 (1995).

A-1146-23

was calculated "according to the 'prevailing market rates in the relevant community.'" After assessing the reasonableness of the billing entries, the court determined that eight entries, totaling 16.7 hours, constituted "block billing" and were "not descriptive enough for the court to adequately assess the reasonableness of hours claimed for the work performed for the related charges[.]" The court further determined that six entries, which totaled one hour, contained vague language—"[r]eview file" and "strategy planning." Finally, one entry for .2 hours was found to be duplicative. The court reasoned:

> The court finds good cause to strike these entries as unreasonable billing practices and reduces the hours sought accordingly by the amount of 17.9 hours. Additionally, the court finds good cause to strike [p]laintiff's requested anticipated legal fees in the amount of $2,560[].
>
> The court awards the remainder of the amount sought, totaling [five] hours, as those entries sufficiently demonstrate that the work performed was reasonable and related to the instant matter.

An October 20, 2023 judgment memorialized the court's decision awarding plaintiff $396.90 for unpaid legal fees, $1,966.40 in attorney's fees related to collection efforts, and disbursements, $75 as a filing fee, and $16 as a service fee.

A-1146-23

On appeal, plaintiff contends it is entitled to the costs of collection, including a reasonable allowance for professional time expended by its attorneys, and reasonable expenses from defendant. In addition, plaintiff contends: (1) it did not engage in "block billing;"[2] (2) the alleged block billing entries warrant review for reasonableness pursuant to RPC 1.5(a) and should not have been stricken; (3) the billing entries were not vague; (4) the alleged vague billing entries warrant review for reasonableness pursuant to RPC 1.5(a); and (5) the billing entries were not duplicative.

## III.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch

---

[2] "'Block billing' is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)) (internal quotation marks omitted).

v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Guided by these principles we are satisfied the trial court's written statement of reasons provided an ample basis for the court's determination. See Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019); Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 304 (App. Div. 2021); see also R. 1:7-4(a) ("The court shall . . . find the facts and state its conclusions of law thereon in all actions tried without a jury[.]"). Based on our de novo review, we are convinced the court appropriately analyzed plaintiff's attorney's certification of services, which included counsel's duplicative, vague, and block billing entries. The record shows the court also considered the difficulty of the matter, the skill required, and the results obtained. The amount represents the court's determination of the reasonable numbers of hours expended by plaintiff's

A-1146-23

attorney for each task multiplied by the reasonable hourly rate for the attorney who performed the task with the appropriate deductions. We therefore discern no error in the trial court's award of attorney's fees and disbursements to plaintiff.

To the extent we have not addressed any of plaintiff's remaining contentions, we conclude that they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1146-23